**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| MICHAEL A. KITCHEN, | : | Case No. 1:22-cv-500 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Peter B. Silvain, Jr. |
| | : | |
| LUCASVILLE CORRECTIONAL | : | |
| INSTITUTION, *et al.*, | : | |
| | : | |
| Defendants. | : | |

**ORDER and**
**REPORT AND RECOMMENDATION**

Michael A. Kitchen, an Ohio prisoner proceeding *in forma pauperis* and without the assistance of counsel, has filed civil rights complaint with this Court. (Doc. 1, 3). He alleges that two officers at the Lucasville Correctional Institution brutally assaulted him for no reason, resulting in serious injuries. (Doc. 1, PageID 5).

The matter is currently before the Court to conduct the initial screen of the Complaint as required by law. 28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2). For the reasons that follow, the Undersigned **RECOMMENDS** that the Court permit Kitchen to **PROCEED** at this time on his Eighth Amendment excessive force claim against Defendants Corns and Romine, in their individual capacities. The Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims, including any claims against Corns and Romine in their official capacities, and all claims against the Lucasville Correction Institution and the Ohio Department of Corrections.

## I.     Initial Screening Standard

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to conduct an initial screen of his Complaint.  28 U.S.C. § 1915A(a) and 28 U.S.C. § 1915(e)(2).  The Court must dismiss the Complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint is frivolous when plaintiff cannot make any claim with a rational or arguable basis in fact or law.  *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327.  An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible."  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199.  The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness.  *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

A complaint must be dismissed where it fails to state a claim upon which relief may be granted.  To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  The Court must construe the complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)).

## II.    Parties and Claims

Plaintiff Michael A. Kitchen was an inmate at the Lucasville Correctional Institutional when the events described in the Complaint allegedly occurred. (Doc. 1, PageID 3, 5). He has since been transferred to the Toledo Correctional Institution. (Doc. 1, PageID 1, 3).

Kitchen sues four defendants: Correctional Officer A. Corns, Correctional Officer J. Romine, the Lucasville Correctional Institution itself, and the Ohio Department of Corrections [properly known as the Ohio Department of Rehabilitation and Correction, or ODRC]. (Doc. 1, PageID 1, 4). As noted above, Kitchen alleges that Officer Corns and Officer Romine brutally assaulted him "for no reason what's so ever." (Doc. 1, PageID 5). He explains that Officer Corns asked him to go into the equipment room during recreation time. (*Id*.). Kitchen did so and was in

3

the process of retrieving jump ropes for the other inmates.  (*Id.*).  When he turned around to bring the jump ropes out, Officer Corns and Office Romine physically attacked him.  (*Id.*).  Kitchen suffered injuries in the attack:  "I Received a fractured face Stitches in Both my Eyes, Both my Earlobes and 10 Staples in my Head from a death Blow which is [illegal]."  (*Id.*).

The Complaint does not indicate whether Kitchen sues Defendants in their official capacities or in their individual capacities.  He seeks monetary damages for his injuries, including punitive damages.  (Doc. 1, PageID 6).

Although the Complaint does not say, the Undersigned construes it as raising and Eighth Amendment excessive force claim under 42 U.S.C. § 1983.[1]  This statute allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).

## III.    Discussion

At this point in the case, without the benefit of an answer or other briefing, it appears that Kitchen's Eighth Amendment excessive force claim against Officer Corns and Officer Romine (in their individual capacities) should proceed to further development.  *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994) ("In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.").  The Undersigned expresses no opinion on the merits of this claim at this time.

---

[1] Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

42 U.S.C. § 1983.

The remainder of Kitchen's claims, for the reasons discussed below, should be dismissed.

**A. The Eleventh Amendment bars monetary damage claims against Corns and Romine in their official capacities.**

As noted above, Kitchen seeks relief in the form of monetary damages. (Doc. 1, PageID 6). Claims for monetary damages against state employees *in their official capacities* are barred by the Eleventh Amendment to the United States Constitution. *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018).

"While '[p]ersonal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law,' individuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, "[a] suit against an individual in his official capacity is the equivalent of a suit against the governmental entity." *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) (citing *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 68 (1989)). Here, the Complaint suggests that Correctional Officers Corns and Romine were working for the Ohio Department of Rehabilitation and Correction (ODRC), which is an agency of the State of Ohio. (Doc. 1, PageID 4). *See Fields v. Ohio Dep't of Rehab. & Corr.*, No. 2:15-cv-1271, 2015 WL 6755310, at *3 (S.D. Ohio Nov. 4, 2015.) Claims against Corns and Romine in their official capacities are thus the same as claims against the State of Ohio.

Claims for damages against the State of Ohio are barred by the Eleventh Amendment to the United States Constitution, which "'denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent.'" *Maben,* 887 F.3d at 270 (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)). "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court." *Maben*, 887 F.3d.

at 270, (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).  Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it.  *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes* # 1 & # 2, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)).

This immunity "extends to state officials sued in their official capacity" for monetary damages, such as is pursued here.  *Smith v. DeWine*, 476 F. Supp. 3d at 650-51.  (Doc. 1, PageID 6).  Again, this is because "'a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office,' which is 'no different from a suit against the State.'"  *McCoy v. Michigan*, 369 Fed. App'x. 646, 654 (6th Cir. 2010) (quoting *Will*, 491 U.S. at 71).

Accordingly, the claims for monetary damages against Corns and Romine *in their official capacities* are barred by the Eleventh Amendment and should be dismissed.

### B.  The Lucasville Correctional Institution and the Ohio Department of Corrections are not "Persons" that can be sued under § 1983.

The two other defendants named in this lawsuit are the Lucasville Correctional Institution, and the Ohio Department of Corrections [properly known as the Ohio Department of Rehabilitation and Correction, or ODRC].  (Doc. 1, PageID 1, 3).  Neither entity is a "person" who can be sued under 42 U.S.C. § 1983.

To state a cause of action under § 1983, a plaintiff must allege:  "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by *a person* acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (emphasis added).  A prison is not a "person" under this statute.  *See Williams v. Ohio Dep't of Rehab. & Corr.*, No. 1:20-cv-205, 2020 WL 2225884, at *2 (S.D. Ohio Mar. 16, 2020), *report and*

*recommendation adopted*, 2020 WL 2216859 (S.D. Ohio May 7, 2020) (citing *Parker v. Michigan Dept. of Corrections*, 65 F. App'x. 922, 923 (6th Cir. 2003)) ("A correctional facility is not a 'person' subject to suit under 42 U.S.C. § 1983.").

Neither is the ODRC. *See Vizcarrondo v. Ohio Dep't of Rehab. & Corr.*, No. 1:18-cv-1255, 2019 WL 6251775, at *5 (N.D. Ohio Nov. 22, 2019) ("multiple courts have found that ODRC is not a 'person' subject to suit under 42 U.S.C. § 1983."); *Peeples v. Ohio Dep't of Rehab. & Corr.*, 64 F.3d 663 (6th Cir. 1995) (affirming the district court's dismissal of suit against the ODRC which said that "the ODRC is not a 'person'") (unreported table case).

Because the Lucasville Correctional Institution and the ODRC are not "persons" that can be sued under § 1983, Kitchen cannot state a § 1983 claim against them. All attempted claims against them should be dismissed.

## IV. Conclusion

The undersigned Magistrate Judge, having conducted the initial screening of Kitchen's Complaint, **RECOMMENDS** that:

1.  The Court permit Plaintiff Kitchen to **PROCEED** at this time on his Eighth Amendment excessive force claim against Defendants Corns and Romine, *in their individual capacities*.

2.  The Court **DISMISS** the remaining claims, including the claims for damages against Corns and Romine *in their official capacities*, and all claims against the Lucasville Correction Institution and the Ohio Department of Corrections/ODRC, pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B).

3.  The Court **CERTIFY** pursuant to 28 U.S.C. § 1915(a)(3) that, for the reasons discussed above, an appeal of any Order adopting this Report and Recommendation

7

would not be taken in good faith, and therefore, deny Plaintiff leave to appeal *in forma pauperis.  See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

The Undersigned also **<u>ORDERS</u>** that:

A.   Plaintiff Kitchen shall submit to the Court completed Summons Forms and U.S. Marshal Forms for Defendants Corns and Romine.   He shall do so **WITHIN THIRTY DAYS.**  For his convenience, the Clerk of Court is **DIRECTED** to send Plaintiff two copies the blank Summons Form and U.S. Marshal Form along with this Report and Recommendation.  Service will be ordered, if appropriate, after the Court considers this Report and Recommendation and any objections to it that are filed as discussed below.

B.   Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' attorney, a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to Defendants or Defendants' counsel. Any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

C.   Plaintiff shall promptly inform the Court of any changes in his address which may occur during the pendency of this lawsuit.

V.      **Notice Regarding Objections to this Report and Recommendation**

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it within **FOURTEEN DAYS** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**

October 7, 2022                          *s/Peter B. Silvain, Jr.*
                                         PETER B. SILVAIN, JR.
                                         UNITED STATES MAGISTRATE JUDGE

9