UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| MICHAEL ALLEN KITCHEN, | : Case No. 1:22-cv-500 |
| Plaintiff, | : |
| vs. | : District Judge Matthew W. McFarland |
| | : Magistrate Judge Peter B. Silvain, Jr. |
| LUCASVILLE CORRECTIONAL INSTITUTION, *et al.*, | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION[1]

Plaintiff, an inmate currently incarcerated at Toledo Correctional Institution, brought this civil rights action pursuant to 42 U.S.C. § 1983. (Doc. #1). He is proceeding without the assistance of counsel and *in forma pauperis*. (Doc. #s 1, 5, 7). This case is currently before the Court upon Plaintiff's Motion for Leave to File Amended Complaint (Doc. #16)[2] and Plaintiff's proposed amended complaint (Doc. #17).

### I. Background

In Plaintiff's Complaint, he alleges that Defendants Corns and Romine, two officers at the Lucasville Correctional Institution, brutally assaulted him for no reason, resulting in serious injuries. (Doc. #1, *PageID* #5). Plaintiff was an inmate at the Lucasville Correctional Institution when the events described in the Complaint allegedly occurred. *Id.* at 3, 5. Upon initial review of the Complaint, the undersigned recommended that the Court permit Plaintiff to proceed on his Eighth Amendment excessive force claim against Defendants Corns and Romine in their

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.
[2] In Plaintiff's Motion, he also inquires about the status of service on Defendant Romine. (Doc. #16, *PageID* #70). This issue will be addressed by separate order.

individual capacities. (Doc. #5, *PageID* #23). The undersigned recommended that the Court dismiss Plaintiff's remaining claims, including any claims against Defendants Corn and Romine in their official capacities and all claims against the Lucasville Correctional Institution and the Ohio Department of Corrections. *Id.* United States District Judge Matthew W. McFarland adopted the Report and Recommendation in January 2023. (Doc. #7).

II.     **Standard of Review**

Rule 15(a) of the Federal Rules of Civil Procedure provides that a complaint may be amended once as a matter of course within 21 days of service of responsive pleadings. Fed. R. Civ. P. 15(a)(1). Additional amendments to a complaint require the Court's permission or the opposing party's written consent. Fed. R. Civ. P. 15(a)(2). The grant or denial of a motion to amend under Fed. R. Civ. P. 15(a) is within the discretion of the trial court, and leave to amend a complaint should be liberally granted. *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227 (1962). "In deciding whether to grant a motion to amend, courts should consider undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Brumbalough v. Camelot Care Ctrs., Inc.,* 427 F.3d 996, 1001 (6th Cir. 2005).

Furthermore, the Prison Litigation Reform Act authorizes *sua sponte* review of any complaint in which a prisoner seeks to proceed *in forma pauperis* to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Accordingly, because Plaintiff is a prisoner proceeding *in forma pauperis*, the Court must re-screen his proposed amended complaint under the Prison Litigation Reform Act regardless of whether the amendment is considered under

2

Rule 15(a)(1) or Rule 15(a)(2). *Nutt v. Seta*, No. 1:19-CV-460, 2020 WL 581837, at *1 (S.D. Ohio Feb. 6, 2020), *report and recommendation adopted*, No. 1:19-CV-460, 2020 WL 1042476 (S.D. Ohio Mar. 4, 2020).

### III. Motion for Leave to File an Amended Complaint

In his Motion for Leave to File an Amended Complaint, Plaintiff asks the Court to add individuals "to [his] lawsuit … on [his] Eight[h] Amendment claim." (Doc. #17, *PageID* #70). Plaintiff indicates that he did not know their names when he filed this lawsuit but now has identified "the rest of these [i]ndividuals/officers and medical staff that [were] involved or was present at the time of this Brutal and [physical assault] against me." *Id.* Specifically, Plaintiff states that there are several individuals he seeks to subpoena or serve: Officer Kyle Cox, Officer William Jewel, Officer Travis Wellman, Officer Bryan Lawless, Officer Chad Taylor, "Registered" Corey Sammons, Contract Registered Nurse Brenda Okorcha, Lieutenant Stephen Hale, Warden Ron Erdos, Assistant Chief Inspector Kelly Riehle, and South Regional STG Coordinator Matt Gillum. (Doc. #16, *PageID* #s 70-71). However, in his proposed amended complaint, Plaintiff only identifies some of these individuals as Defendants: Officer Kyle Cox, Officer William Jewel, Officer Travis Wellman, Officer Bryan Lawless, Officer Chad Taylor, and Lieutenant Stephen Hale. (Doc. #17, *PageID* #73). Plaintiff alleges that "[t]hese individuals were involved in the brutal assault that happened against me at the time Anthony Corns and [Jacob] Romine [were] assaulting me …." *Id.* at 75. Plaintiff indicates that "[t]his is all under my Eighth Amendment Claim." *Id.*

Under the relevant screening standards, Plaintiff's proposed amendment fails to state a claim against any of the newly identified Defendants. Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to File Amended Complaint (Doc. #16) be **DENIED**.

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Federal Rule of Civil Procedure 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

Although this pleading standard does not require "'detailed factual allegations,' … [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Instead, to survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). A claim is plausible where "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (alteration in original) (citing Fed. R. Civ. P. 8(a)(2)).

While *pro se* parties must satisfy basic pleading requirements, *Wells v. Brown,* 891 F.2d 591, 594 (6th Cir. 1989), their pleadings must be liberally construed and are "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). This lenient treatment, however, has limits; "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77 (6th Cir. 2012) (quoting *Wells*, 891 F.2d at 594).

Plaintiff's allegations are insufficient to plausibly suggest that the newly identified Defendants used excessive force against him in violation of the Eighth Amendment. *See Farmer v. Brennan*, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) ("In its prohibition of 'cruel and unusual punishments,' the Eighth Amendment places restraints on prison officials, who may not, for example, use excessive physical force against prisoners.") (citing *Hudson v. McMillian,* 503 U.S. 1, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992)). Although Plaintiff alleges that the newly identified Defendants were "involved in the Brutal Assault that happened against [him] …," (Doc. #17, *PageID* #75), he fails to allege any facts concerning how these individuals were involved in the alleged assault by Defendants Corns and Romine. Similarly, in his Motion, Plaintiff asserts that the individuals were "involved" or were "present" at the time of the alleged assault. (Doc. #16, *PageID* #70). However, he does not identify which individuals were involved and which were present. Indeed, the Amended Complaint (Doc. #17) fails to set forth any facts from which the Court plausibly can infer that any of the proposed new Defendants were personally involved in any violation of Plaintiff's Eighth Amendment rights. *See, e.g.*, *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (providing that "a complaint must allege that the defendants were personally involved in the alleged deprivation of federal rights" to state a claim upon which relief may be granted under § 1983); *see also Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188,

5

190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983."). As Plaintiff fails to state a claim upon which relief may be granted, the undersigned recommends that Plaintiff's Motion for Leave to File Amended Complaint (Doc. #16) be **DENIED**.

If Plaintiff wishes to file another amended complaint, Plaintiff must file a new motion for leave to amend his complaint and include a proposed amended complaint. *See* Fed. R. Civ. P. 7(b). The proposed amended complaint must include <u>all claims</u> Plaintiff wishes to pursue against <u>all of the defendants</u> he wishes to proceed against, without relying upon or incorporating by reference any allegations made in the original complaint or other filings. Plaintiff should be mindful to explain in his proposed amended complaint what claim or claims he seeks to bring against each defendant, including what each defendant did to him, when and where each defendant did it, and how each defendant's actions harmed him.

Plaintiff identified Corey Sammons, Brenda Okorcha, Ron Erdos, Kelly Riehle, and Matt Gillum as individuals he sought to subpoena or serve but did list them as Defendants on his proposed amended complaint. To the extent that he only wants to use these individuals as witnesses, he should not include them as defendants in his proposed amended complaint. If Plaintiff seeks to subpoena documents and evidence from these individuals or other non-parties, he can request a subpoena from the Clerk.[3] *See* Fed. R. Civ. P. 45(a)(3) ("The clerk must issue a subpoena, signed but otherwise in blank, to a party who requests it. That party must complete it before service."). Plaintiff must complete the subpoena himself, as the Clerk is not required to

---

[3] A sample "Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises," along with other subpoena forms, are available on the Court's website: https://www.ohsd.uscourts.gov/ohio-southern-district-forms.

6

complete it for him.  *See Allen v. Mullins*, No. 13-2378-JDT-DKV, 2016 WL 1241544, at *4 (W.D. Tenn. Mar. 29, 2016).  Once the subpoena is completed, if Plaintiff desires to have it served by the U.S. Marshal, he must return it to the Clerk along with a motion requesting service by the Marshal. *See* 28 U.S.C. § 1915(d) (Providing that for litigants who have been permitted to proceed *in forma pauperis*, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases.").

**IT IS THEREFORE RECOMMENDED THAT**:

Plaintiff's Motion for Leave to File Amended Complaint (Doc. #16) be **DENIED**.

December 29, 2023                                              *s/Peter B. Silvain, Jr.*
                                                                          Peter B. Silvain, Jr.
                                                                          United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendation within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).