IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION – CINCINNATI

| | | |
|---|---|---|
| MICHAEL ALLEN KITCHEN, | : | Case No. 1:22-cv-500 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| v. | : | |
| LUCASVILLE CORRECTIONAL INSTITUTION, et al., | : | |
| Defendants. | : | |

**ENTRY AND ORDER ADOPTING REPORT & RECOMMENDATION (Doc. 28)**

This matter is before the Court upon the Report and Recommendation (Doc. 28) of United States Magistrate Judge Peter B. Silvain, Jr., to whom this case is referred pursuant to 28 U.S.C. § 636(b). The Report recommends that Plaintiff's Motion for Leave to File Amended Complaint (Doc. 16) be denied. (*See* Report, Doc. 28.) Plaintiff addressed the Report in his response to a separate Order to Show Cause, which the Court construes as Objections to the Report. (Response, Doc. 30, Pg. ID 133-34.) Thus, the matter is ripe for the Court's review.

Plaintiff was an inmate at the Lucasville Correctional Institution when Correctional Officers A. Corns and J. Romine allegedly "brutally assaulted" him "for no reason whatsoever." (Compl., Doc. 1, Pg. ID 5.) He then brought an action under 42 U.S.C. § 1983 against Corns, Romine, the Lucasville Correctional Institution, and the Ohio Department of Corrections. (Compl., Doc. 1, Pg. ID 3, 5). On January 19, 2023, this Court

dismissed most of Plaintiff's claims but allowed him to proceed on his Eighth Amendment excessive force claims against Corns and Romine in their individual capacities. (Order, Doc. 7, Pg. ID 41.)

On May 26, 2026, Plaintiff moved to amend his Complaint to include Correctional Officers Kyle Cox, William Jewel, Travis Wellman, Bryan Lawless, Chad Taylor, and Lieutenant Stephen Hale ("Proposed Defendants") as new defendants "on [his] Eight[h] Amendment claim." (*See* Proposed Am. Compl., Doc. 17, Pg. ID 70-73.) Magistrate Judge Silvain found that Plaintiff did not allege specific facts to show that the Proposed Defendants used excessive force against him in violation of the Eight Amendment. (Report, Doc. 28, Pg. ID 127.) So, Magistrate Judge Silvain recommended that this Court deny the motion because Plaintiff failed to state a claim for relief against any of the Proposed Defendants. (*Id.* at Pg. ID 127-28.)

Plaintiff does not provide any details in his proposed Amended Complaint other than that Proposed Defendants were "involved" in his attack. (Am. Compl., Doc. 17, Pg. ID 75.) Plaintiff notes for the first time in his objection that Officer Jewel hit him in the attack. (Response, Doc. 30, Pg. ID 133-34.) But, the Court cannot consider this new allegation because it was not raised in the original Complaint. *See Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023). Plaintiff does not raise any other objections to Magistrate Judge Silvain's findings. (*See* Response, Doc. 30.) Thus, the Court finds that the Report is proper.

Plaintiff also argues that he is unable to adequately pursue his claims without counsel. (Response, Doc. 30, Pg. ID 133.) Generally, civil plaintiffs are not entitled to

court-appointed counsel, *see Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023), and pro se litigants are expected to comply with the rules governing civil cases, *see McNeil v. United States*, 508 U.S. 106, 113 (1993). Therefore, Plaintiff's pro se status is not a basis to sidestep federal pleading standards.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has made a de novo review of the record in this case. Upon said review, the Court finds that Plaintiff's Objections are not well-taken and are accordingly **OVERRULED**. Thus, the Court **ADOPTS** the Report and Recommendation (Doc. 28) in its entirety and Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 16) is **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND