UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| MICHAEL ALLEN KITCHEN, | : | Case No. 1:22-cv-500 |
| Plaintiff, | : | |
| vs. | : | District Judge Matthew W. McFarland |
| | : | Magistrate Judge Peter B. Silvain, Jr. |
| LUCASVILLE CORRECTIONAL INSTITUTION, *et al.*, | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATION[1]

Plaintiff Michael A. Kitchen, an inmate at the Southern Ohio Correctional Facility proceeding *pro se*, brings this prisoner civil rights action under 42 U.S.C. § 1983 alleging violations of his constitutional rights by Defendants. This matter is before the Court following the April 17, 2024 Order regarding Plaintiff's failure to timely effect service on Defendant Romine.

For the reasons that follow, the undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's claims against Defendant Romine without prejudice under Federal Rule of Civil Procedure 4(m) for Plaintiff's failure to effect service of process.

**I. Relevant Background**

In October 2023, the undersigned conducted the initial screening of Plaintiff's Complaint and recommended that the Court allow Plaintiff's Eighth Amendment excessive force claims against Defendants Corns and Romine to proceed and dismiss all of Plaintiff's remaining claims. (Doc. #5). In January 2023, United States District Judge Matthew W. McFarland adopted the Report and Recommendation. (Doc. #7).

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendation.

On January 31, 2023, the undersigned directed the United States Marshal to serve Defendants Corns and Romine. (Doc. #9). In accordance with that Order, the summons as to Defendant Romine was issued on January 31, 2023. (Doc. #10). However, on March 21, 2023, this summons was returned unexecuted. (Doc. #15). A letter from the Staff Legal Office at the Southern Ohio Correctional Facility (SOCF) advised that service on Defendant Romine was being "returned as not deliverable as addressed" because SOCF does not have an employee with that name. *Id.* at 65.

In October 2023, the undersigned ordered the Ohio Attorney General to file a statement of record indicating whether Defendant Romine remains employed within the Ohio prison system, and if so, at what institutional location he may be served. (Doc. #23). However, if Defendant Romine is no longer employed by Ohio, the Ohio Attorney General was ordered to submit *in camera* the home address (or last address on file) of Defendant Romine, if available. *Id.*

In response to the Court's Order, the Ohio Attorney General reported that Defendant Romine is no longer employed by the Ohio Department of Rehabilitation and Correction and provided Defendant Romine's last known address. (Doc. #25). The undersigned ordered service to Defendant Romine at that address. (Doc. #24). The summons was issued on October 23, 2023. (Doc. #26). However, the summons was returned unexecuted on November 8, 2023. (Doc. #27).

On January 2, 2024, the undersigned ordered Plaintiff to show cause, in writing and on or before January 31, 2024, why the Court should not dismiss the claims against Defendant Romine without prejudice for failure to effect service, and why the Court should allow an extension of time to effect service. (Doc. #29).

Plaintiff filed his response to the Order to Show Cause on January 18, 2024. (Doc. #30). In his response, Plaintiff states that he is concerned about why Defendant Romine has not been

2

located or served. *Id.* at 133. He states that he wants Defendant Romine to be served because he was present and a part of the attack on him. *Id.* Plaintiff indicates that if the Court thinks that he is wasting his time trying to locate Defendant Romine, then he will accept the Court's decision. *Id.*

On April 17, 2024, the undersigned found that Plaintiff did not show good cause for extending time for service but nevertheless granted Plaintiff a brief extension of time to serve Defendant Romine. (Doc. #33). Plaintiff was ordered to submit to the Court a completed summons form and U.S. Marshal form for Defendant Romine with a new address by May 17, 2024. *Id.* Plaintiff was advised that his failure to comply with the Court's Order would result in a Report and Recommendation to the District Judge that Defendant Romine be dismissed from this action. *Id.* at 145 (citing Fed. R. Civ. P. 4(m)). Plaintiff did not submit a completed summons form and U.S. Marshal form to the Court, and the time for doing so has now passed.

**II. Standard of Review**

The plaintiff is responsible for having the summons and complaint served upon defendants within the time period allotted by Rule 4(m). Fed. R. Civ. P. 4(c)(l). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff --must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a plaintiff shows good cause, the Court must extend the time for service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*,

3

143 S. Ct. 782, 215 L. Ed. 2d 51 (2023). Absent a showing of good cause, a district court should consider the following factors when deciding whether to grant a discretionary extension of time:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

### III. Discussion

Defendant Romine has not been served with process in the approximately sixteen months since process was initially directed to issue in this case. *See* Doc. #9. The Court previously granted Plaintiff a discretionary extension of time to serve Defendant Romine. (Doc. #33) (reviewing *Oakland Physicians* factors). Moreover, the Court expressly advised Plaintiff that his failure to complete the required service forms would result in recommendation that his claims against Defendant Romine be dismissed without prejudice. *Id.* Despite the extension, Plaintiff did not complete the required forms or given any explanation for his failure to do so. The plain language of Rule 4(m) requires that, under these circumstances, Plaintiff's claims against Defendant Romine be dismissed without prejudice.

4

**IT IS THEREFORE RECOMMENDED THAT:**

All claims against Defendant Romine be **DISMISSED** without prejudice under Fed. R. Civ. P. 4(m).

<u>May 24, 2024          </u>                             *s/Peter B. Silvain, Jr.*                        
                                                                              PETER B. SILVAIN, JR.
                                                                              UNITED STATES MAGISTRATE JUDGE

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).