IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | |
|---|---|
| MICHAEL ALLEN KITCHEN, : | Case No. 1:22-cv-500 |
| Plaintiff, : | Judge Matthew W. McFarland |
| v. : | |
| LUCASVILLE CORRECTIONAL INSTITUTION, et al., : | |
| Defendants. : | |

**OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATIONS**
**(Doc. 48)**

This matter is before the Court on the Report and Recommendations (Doc. 48) of United States Magistrate Judge Peter B. Silvain, Jr., and Plaintiff's Motion for Extension of Time (Doc. 49). Defendant filed a Response in Opposition to Plaintiff's Motion (Doc. 50), but Plaintiff did not file a reply, and the time to do so has passed. For the following reasons, Plaintiff's Motion is **DENIED** and Magistrate Judge Silvain's Report is **ADOPTED** in its entirety.

The Court will begin with a brief summary of the procedural posture. On January 30, 2025, Defendant Anthony Corns, the only remaining Defendant in this matter, filed a Motion for Summary Judgment (Doc. 41). Plaintiff filed a Response in Opposition to this Motion (Doc. 44), to which Defendant filed a Reply in Support (Doc. 46). Magistrate Judge Silvain issued a Report (Doc. 48) that recommended granting Defendant's Motion for Summary Judgment. The parties had fourteen days to file any objections to the Report.

Rather than file any objections, though, Plaintiff filed a Motion for Extension of Time (Doc. 49). In his Motion, Plaintiff requests more time so he can understand what the Court asks of him "in response to summary judgment." He seeks clarification about whether the Court has granted Defendant Corns' summary judgment but not granted Plaintiff's summary judgment. Seemingly, therefore, this Motion is not a request for an extension of time to file objections, but rather a request for clarification, which the Court cannot provide.

Nevertheless, Plaintiff also included in his Motion the affidavit of a witness to the incident in question, Le'Sean Edge. (*See* Doc. 49-1.) In the affidavit, Mr. Edge describes the incident between Plaintiff and Defendants Corns and Rimine. (*Id.*) Plaintiff stated that he included this affidavit to "shed a little light in this matter." (Motion, Doc. 49, Pg. ID 222.) Defendant Corns, in response, correctly points out that this affidavit "would raise arguments that Plaintiff did not raise in the Response to the Motion for Summary Judgment." (Response, Doc. 50, Pg. ID 226.) Indeed, "parties may not raise at the district court stage new arguments or issues that were not presented before the magistrate judge's final R&R." *Austin v. Stapleton*, 628 F. Supp.3d 702, 706 (E.D. Mich. 2022) (quoting *Murr v. United States*, 200 F.3d 895, 902 (6th Cir. 2000)) (cleaned up). Thus, the Court will not consider Mr. Edge's affidavit at this stage.

As required by 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72(b), the Court has reviewed the Report of Magistrate Judge Silvain. Noting that no objections to the Report have been filed, and that the time for filing such objections under Fed. R. Civ. P. 72(b) has expired, the Court **ORDERS** the following:

1. Plaintiff's Motion for Extension of Time (Doc. 49) is **DENIED**;

2. Magistrate Judge Silvain's Report and Recommendations (Doc. 48) is **ADOPTED** in its entirety;

3. Defendant Corns' Motion for Summary Judgment (Doc. 41) is **GRANTED**; and

4. The case is hereby **TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND
